*W. J. Peaslee*, for the state.

*H.* and *I. Brown*, for the defendant.

Nov. Term,<br>1853.<br><br>THE STATE<br>v.<br>CHEEK.

---

The STATE on the relation of HAYES, Administrator, *v.*
CHEEK and Others.

Debt against a clerk of the Circuit Court and his sureties on his bond, for his failure to account for the amount of a judgment in favor of *A.* received by him. The defendants proved payments made by the clerk as follows: 1. That on *October* 4, 1842, the clerk deposited 100 dollars in bank to *A.'s* credit; 2. A receipt of *A.*, indorsed on the record of the judgment, for 175 dollars, without date. *Held*, that it was a question for the jury, whether the sum deposited in bank was included in the receipt.

The verdict of a jury will not be disturbed unless there is a clear and manifest preponderance of evidence against it.

APPEAL from the *Dearborn* Circuit Court.

ROACHE, J.—This was a suit by the state on the relation of the administrator of *Silas P. Hayes*, deceased, against *Cheek* and his sureties, on his official bond as clerk of the *Dearborn* Circuit Court.

The declaration alleged as a breach of his bond, that he had, as clerk, collected on a judgment in favor of the

*Friday,*<br>*December* 23.

Nov. Term, 1853.

THE STATE v. CHEEK.

said *Silas P. Hayes*, deceased, against one *Jackson*, 296 dollars and 97 cents, on the 21st day of *May*, 1842, and had failed and refused to pay or account for the same.

The sureties filed two pleas: 1. That after *Cheek* collected the money and before suit, said administrator agreed with *Cheek* that the latter might keep and use the money until called for, without the knowledge or consent of the said sureties. 2. Payment.

*Cheek* filed separate pleas. 1. Payment. 2. That no demand had been made before suit.

Issues were taken on all the pleas, and the Court, to whom the cause was submitted by agreement of the parties, found for the defendants, and judgment was rendered accordingly.

The only question made by the appellant is, whether the pleas of payment were sustained by the evidence.

The defendants proved payments made by *Cheek* to the plaintiff as follows:

1. That on the 4th of *October*, 1842, *Cheek* deposited 100 dollars in bank, to the credit of said administrator.

2. A receipt of the administrator indorsed on the record of the judgment, for 175 dollars, without date.

3. A receipt of the administrator written immediately under the preceding, dated *August* 5, 1844, for 30 dollars and 31 cents. These items together amounted to 305 dollars and 31 cents. On the trial, the administrator admitted that the 100 dollars deposited in bank was a valid payment on the *Jackson* judgment, but insists that it was included in the receipt for 175 dollars. *Cheek* contends it was in addition to the latter.

This is the whole subject in controversy.

There was some proof introduced by the plaintiff below designed to support his view of the case; but it is very far from being conclusive or satisfactory. It left the case substantially standing upon the evidence as to the payments as stated above. In such cases it is the peculiar province of the jury to deduce conclusions from all the circumstances. Here the agreement of the parties substituted the finding of the Court for the verdict of a jury.

This Court will not interfere, unless there is a clear and manifest preponderance of evidence against the finding of the Court below.

*Per Curiam.*—The judgment is affirmed with costs.

*P. L. Spooner*, for the state.

*E. Dumont*, for the appellees.